```
             UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                              **CRIMINAL ACTION NO. 2:08-00105**

**WILLIAM SAMUEL CHESTER, JR.**


### MEMORANDUM OPINION AND ORDER

The defendant stands indicted under 18 U.S.C. §§ 922(g)(9) and 924(a)(2) for possession of firearms on October 10, 2007, in and affecting interstate commerce, after having been convicted of a misdemeanor crime of domestic violence, by virtue of his convictions in 2005 of domestic assault and domestic battery in violation of W.Va. Code §§ 61-2-28(a) and (b).  The government and the defendant acknowledge in their briefing that the domestic assault and battery was inflicted upon the defendant's daughter.

The defendant moves to dismiss the indictment on the ground that § 922(g)(9) prohibits conduct which is protected by the Second Amendment to the United States Constitution and that § 922(g)(9), added by Congress in 1996 to the Gun Control Act of 1968, is void both on its face and as applied to the circumstances of this case.

For purposes of the motion, the court accepts the defendant's following representations:

> The defendant has no felony convictions.
>
> The domestic assault and battery convictions did not involve the possession or use of a firearm.
>
> The firearms described in the indictment were located in the defendant's home.

The defendant relies on the recent decision by the United States Supreme Court in District of Columbia v. Heller, 554 U.S. ___, 128 S.Ct. 2783 (2008). The court notes that in Heller the Supreme Court held that the District of Columbia's ban on possession of a handgun in the home violates the Second Amendment of the United States Constitution, as does its prohibition against rendering any lawful firearm in the house operable for the purpose of immediate self-defense. In the course of reaching its conclusion that the Second Amendment protects an individual right to possession of a firearm unconnected with service in a militia and to use that firearm for traditionally lawful purposes such as self-defense within the home, the Court, in its majority opinion by Justice Scalia, observed as follows:

> Like most rights, the right secured by the Second Amendment is not unlimited. From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatever in any manner

> whatsoever and for whatever purpose. See, *e.g.,* *Sheldon*, in 5 Blume 346; Rawle 123; Pomeroy 152-153; Abbott 333. For example, the majority of the 19th-century courts to consider the question held that prohibitions on carrying concealed weapons were lawful under the Second Amendment or state analogues. See, *e.g., State v. chandler*, 5 La. Ann., at 489-490; *Nunn v. State*, 1 Ga., at 251; see generally 2 Kent *340, n. 2; the American Students' Blackstone 84, n. 11 (G. Chase ed. 1884). Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms.

128 S.Ct. at 2816-17.

The court finds that the prohibition by Congress as embodied in § 922(g)(9) of the possession of a firearm by a misdemeanant who has committed a crime of domestic violence is a lawful exercise by the government of its regulatory authority notwithstanding the Second Amendment. In <u>Heller</u> the Supreme Court notes that, while it was not undertaking an exhaustive historical analysis of the full scope of the Second Amendment, nothing in its opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill. Neither does it cast doubt on more recent laws forbidding firearms in schools and government buildings or laws governing the commercial sale of arms. The Court added in a footnote to the quoted passage above:

> We identify these presumptively lawful regulatory measures only as examples; our list does not purport to be exhaustive.

Id., fn. 26 at 2817.

The United States Supreme Court has noted that "[t]he very structure of the Gun Control Act demonstrates that Congress . . . sought broadly to keep firearms away from persons Congress classified as potentially irresponsible and dangerous." Barrett v. U.S., 423 U.S. 212, 218 (1976). The thrust of the majority opinion in Heller leaves ample room for the government to control the possession of firearms by misdemeanants found guilty of domestic violence. Indeed, the need to bar possession of firearms by domestic violence misdemeanants in order to protect family members and society in general from potential violent acts of such individuals is quite often far greater than that of the similar prohibition of § 922(g)(1) on those who commit non-violent felonies.

The court concludes that § 922(g)(9) survives Second Amendment scrutiny, whether deemed intermediate or strict, both facially and as here applied.

Accordingly, the defendant's motion to dismiss is denied.

5

**The Clerk is directed to forward copies of this written opinion and order to the defendant and all counsel of record.**

DATED: October 7, 2008

John T. Copenhaver, Jr.
United States District Judge