```
 1                 IN THE UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF WEST VIRGINIA
 2                           AT CHARLESTON

 3     -------------------------------x
                                      :
 4     UNITED STATES OF AMERICA,      :
                                      :
 5           v.                       :  CRIMINAL NO. 2:08-00105
                                      :
 6     WILLIAM CHESTER, JR.,          :  MAY 26, 2011
                                      :
 7              Defendant.            :
       -------------------------------x
 8

 9                      TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE JOHN T. COPENHAVER, JR.
10                    UNITED STATES DISTRICT JUDGE

11     APPEARANCES:

12     FOR THE UNITED STATES:      AUSA LISA JOHNSTON
                                   U.S. Attorney's Office
13                                 P.O. Box 1713
                                   Charleston, WV  25336
14

15     FOR THE DEFENDANT:          AFPD EDWARD H. WEIS
                                   Federal Public Defender's Office
16                                 300 Virginia Street East
                                   Charleston, WV  25301
17

18

19     COURT REPORTER:             BARBARA STEINKE, RMR
                                   Post Office Box 75025
20                                 Charleston, WV  25375
                                   (304) 347-3151
21

22     These proceedings were reported with use of a stenographic
       machine and transcribed with use of computer-aided
23     transcription.

24

25
```

|    |                                                                          |
|----|--------------------------------------------------------------------------|
| 1  | P R O C E E D I N G S                1:40 p.m.                           |
| 2  | THE CLERK:  The case before the court is the *United*                    |
| 3  | *States of America versus William Samuel Chester, Jr.*, Criminal         |
| 4  | Number 2:08-00105.  Would counsel note their appearance for the          |
| 5  | record, please.                                                          |
| 6  | MS. JOHNSTON:  Your Honor, Lisa Johnston on behalf of                    |
| 7  | the United States.  Seated beside me today is Kanawha County             |
| 8  | Deputy Brian Humphreys.                                                  |
| 9  | THE COURT:  Thank you.                                                   |
| 10 | MR. WEIS:  Edward Weis on behalf of William Samuel                       |
| 11 | Chester.  Mr. Chester is seated to my right.                             |
| 12 | THE COURT:  Thank you.                                                   |
| 13 | THE CLERK:  Will the defendant please stand to be sworn                  |
| 14 | and raise your right hand.                                               |
| 15 | (The defendant was sworn.)                                               |
| 16 | THE COURT:  This matter is pending for evidentiary                       |
| 17 | hearing purposes as well as any argument the parties may wish to         |
| 18 | add with respect to those matters that are the subject of the            |
| 19 | remand.  The court observes, first of all, that a number of              |
| 20 | evidentiary items have been presented, both by the government            |
| 21 | and the defendant, and they are attached to your memoranda.  I           |
| 22 | would ask you whether or not all of that is to be received as            |
| 23 | evidence in the case.                                                    |
| 24 | MS. JOHNSTON:  Yes, on behalf of the United States,                      |
| 25 | Your Honor.                                                              |

1           MR. WEIS:  Your Honor, I have no objection to it being
2  received as evidence, and by all of that, I am assuming you are
3  including the exhibits to my memorandum, too, and I would so
4  request.
5           THE COURT:  I'm speaking of the exhibits the government
6  furnished and the exhibits that you have furnished that are
7  attached to the memoranda that have been filed in conjunction
8  with this hearing.
9           MR. WEIS:  I would request that they all be considered
10 as evidence by the court.
11          THE COURT:  Very good.
12    And in addition to that, I would ask whether or not the
13 parties are in agreement that the court may treat as evidence in
14 the case the circumstances as they appear at the time that the
15 defendant engaged in the conduct with his daughter that resulted
16 in the misdemeanor charge that then became the subject of this
17 case.
18          MS. JOHNSTON:  The United States does, Your Honor.
19          MR. WEIS:  Your Honor, as it appears in the presentence
20 report, I agree.  I would request that the entire presentence
21 report be considered as evidence in this hearing.
22          THE COURT:  What's the government's position on that?
23          MS. JOHNSTON:  Your Honor, I'm not sure why we need --
24          THE COURT:  Well, it may be that we can recess shortly
25 and go through the presentence report and see whether or not

1 there is any objection to it.

2 And secondly, I would ask whether or not the parties are in
3 agreement that the circumstances that relate to the alleged
4 assault on the wife that, in turn, brought about the
5 apprehension of the defendant as being in possession of weapons
6 in the home are also to be deemed evidence in the case.

7 MS. JOHNSTON: The United States agrees, Your Honor.

8 MR. WEIS: As with the prior question, I agree to the
9 extent that they are included in the presentence report and that
10 that ought to be the source of the court's findings concerning
11 what happened inside the house the night my client was arrested.

12 THE COURT: We'll recess in a few moments so that
13 everyone can review the presentence report to see what extent it
14 covers those two matters that the court has addressed and the
15 further request that the defendant makes that the entirety of
16 the report be received as evidence.

17 Apart from that, is there any other evidence to be offered?

18 MS. JOHNSTON: Not on behalf of the United States, Your
19 Honor, only argument.

20 MR. WEIS: Your Honor, the other matter which I believe
21 is already of record that I would ask to be considered is the
22 lack of any alleged noncompliance or violation of my client with
23 the terms and conditions of supervised release. The reason I
24 bring this forward is my argument -- I think it's relevant to my
25 argument that my client has standing to raise an overbreadth

1   argument.
2           MS. JOHNSTON:  Your Honor, the United States objects to
3   that.  It would be our position, I'll argue that more fully or I
4   can do it now, that that argument should not be presented here
5   today.  And so, we object to that being part of the record in
6   this case.
7           THE COURT:  Anything further on the point, Mr. Weis?
8           MR. WEIS:  I think I should be entitled to make
9   evidence in the case that which I deem to be relevant to the
10  argument.  I expected the United States to take the position
11  that I could not raise an overbreadth type argument, and I'm
12  prepared to argue that when we get to arguing the law.
13          THE COURT:  Well, we're speaking about evidence now,
14  and my inquiry of you as to whether or not you are suggesting
15  that evidence be received on that point.
16          MR. WEIS:  Yes, Your Honor, I am, to the extent that I
17  just put forward.  I would have no additional evidence to that
18  point at this time.  And the reason I qualify by at this time,
19  I'm assuming that in fact the government does not introduce any
20  more evidence than they have already stated.
21          THE COURT:  Anything further, Ms. Johnston?
22          MS. JOHNSTON:  No, Your Honor.  We don't intend to
23  introduce any additional evidence regarding Mr. Chester or his
24  behavior.
25          THE COURT:  And let me ask also whether or not the

1  parties can agree that the court may take judicial notice of any
2  materials that the court finds in the case law that deals with
3  this same issue that is presented here, wherever that may come
4  from and whatever case it may come from.
5        MS. JOHNSTON:  The United States agrees with that.
6        MR. WEIS:  Your Honor, I do have a problem with that.
7  The government relies on a study which appears in many cases,
8  that by Mr. Kellermann.  I have introduced two studies which
9  tend to rebut what Mr. Kellermann said.  I could anticipate that
10 they would use the Kellermann study, as it was relied upon so
11 heavily in the *Skoien* case, but without knowing what additional
12 studies the court is referring to, without having had the
13 opportunity to look at them and to read them, I would have a
14 problem with that.
15       THE COURT:  The court will simply handle it then by
16 having a subsequent hearing in this matter, so that in the event
17 that the court finds, as I suspect it will, that there are other
18 studies that have been done that have evidentiary value in this
19 case, that they may be included as part of the evidentiary
20 record.  And so, we will expect then to continue this hearing
21 generally until the court has had an opportunity to make a
22 thorough examination of the cases, and it indeed may be that in
23 the course of that, the court will uncover other studies which
24 will appear to the court to be pertinent to the resolution of
25 the issue or issues in this case.

1       Now then, aside from that and what has already been
2    suggested, is there any other evidence to be received at the
3    hearing?
4              MS. JOHNSTON:  Not by the United States.
5              MR. WEIS:  No, Your Honor, not from our point of view.
6              THE COURT:  All right.  We'll be in recess now for
7    about fifteen minutes while the presentence report is reviewed,
8    and I would ask counsel, do you have a copy of it with you?
9              MR. WEIS:  I have one copy, Your Honor.  I can quickly
10   get more.
11             THE COURT:  Do you have your copy, Ms. Johnston?
12             MS. JOHNSTON:  I do not, Your Honor.  I apologize.
13             THE COURT:  Can you retreat to your office then and
14   procure it?
15             MS. JOHNSTON:  Yes, Your Honor.
16             THE COURT:  And if you need more time than fifteen
17   minutes to get through it, we'll understand.  Thank you.
18             MS. JOHNSTON:  Your Honor --
19             THE COURT:  Yes, go ahead.
20             MS. JOHNSTON:  -- I apologize, but maybe in the
21   interests of time if we could have a copy made of the
22   presentence report, that might save us time.
23             THE COURT:  Either way is fine.
24             MS. JOHNSTON:  Okay.  Thank you.
25             MR. WEIS:  I will be back with it in less than five

1  minutes with a number of copies.
2         THE COURT:  Thank you.
3     (At 1:50 p.m. there was a recess until 2:19 p.m.)
4         THE COURT:  Please be seated.
5     Ms. Johnston, have you had an opportunity to consider the
6  presentence report?
7         MS. JOHNSTON:  I have, Your Honor.  Mr. Weis was nice
8  enough to make an extra copy for me, Your Honor.
9     It's my understanding that Mr. Weis is particularly
10 interested in a few of the paragraphs being made a part of the
11 record.  I've read those -- I've read the presentence report and
12 those paragraphs.  I don't have any --
13        THE COURT:  Which paragraphs?
14        MS. JOHNSTON:  Well, it's my understanding he may want
15 to introduce the whole presentence report, but, Your Honor, he
16 pointed -- I won't speak for Mr. Weis, but he did point me to
17 page 3 of the presentence report, paragraph 5, regarding the
18 adjustment to pretrial supervision.
19        THE COURT:  It seems to me that would have to do with
20 sentencing.  I don't see how it has anything to do with the
21 evidentiary issues that are before the court today.
22        MS. JOHNSTON:  And then, Your Honor, Mr. Weis also
23 pointed me to paragraph 41.
24        THE COURT:  Again?
25        MS. JOHNSTON:  That was one of his reasons or what he

1   wanted to be --
2           THE COURT:  Yes, you were looking down, I couldn't hear
3   you.
4           MS. JOHNSTON:  I'm sorry.  He also pointed me to
5   paragraph 41 on page 8.
6           THE COURT:  All right.  Well, that falls in the same
7   category.  That may be interesting at sentencing, but I don't
8   see that it has anything to do with the issues on remand
9   otherwise.
10          MS. JOHNSTON:  I agree, Your Honor.
11          MR. WEIS:  Your Honor has asked about the underlying
12  facts concerning the conduct which led up to my client's arrest
13  for this case and also the conduct exhibited by him which
14  resulted in his domestic violence conviction.  My recollection
15  is that the only thing of the record which represents
16  essentially unobjected to the court findings as to those matters
17  appear in the presentence report, and that is the document and
18  the court findings which I believe are properly considered by
19  the court for the purposes of resolving the issue.
20      The paragraphs which Your Honor said that you did not think
21  were pertinent to this proceeding, I disagree with the legal
22  conclusion, because what the Fourth Circuit said toward the end
23  of the *Chester* opinion is, "We cannot conclude on this record
24  that the government has carried its burden of establishing a
25  reasonable fit between the important object of reducing domestic

Case 2:08-cr-00105 Document 114 Filed 03/19/12 Page 10 of 15 PageID #: 1221
United States v. William Chester, Jr. 10

1 gun violence and Section 922(g)(9)'s permanent disarmament of
2 all domestic violence misdemeanants."
3     I addressed this in my brief. In the *Fox* case, the Supreme
4 Court said it would allow a general overbreadth attack on the
5 regulation involved in that case by the remaining plaintiffs who
6 were students at the New York State University because they
7 would have an interest not only in the commercial speech aspect
8 of that regulation, which was the issue which started the
9 litigation, a question of whether or not the students could
10 throw Tupperware parties essentially in the dorms, but also
11 because the broader scope in some aspects of that regulation
12 which might have gone beyond commercial speech, and the court
13 pointed out that really the overbreadth issue is one of
14 standing.
15     Mr. Chester has made substantial progress in overcoming his
16 drug and alcohol abuse. All of that is reflected in the portion
17 of the presentence report to which I refer, and I am doing this
18 to reinforce his standing as a person who can object to the
19 permanent bar caused by Section 922(g)(9).
20         THE COURT: Now then, with respect to the facts which
21 gave rise to the defendant's conviction as a result of the
22 attack on his daughter, the court notes that in Judge Davis'
23 concurring opinion, those circumstances are set out at the
24 beginning of his concurring opinion, and those are the facts as
25 I understand them to be in reality. And so, my question is

1  whether or not there's any objection to treating those facts
2  which Judge Davis has relied upon and which in reality are drawn
3  from a police report in the case, whether or not there is any
4  objection to receipt of that as evidence in the case.
5      MS. JOHNSTON: No, Your Honor.
6      MR. WEIS: May I have a moment to talk with my client,
7  Your Honor.
8      (Pause.)
9      MR. WEIS: Your Honor, my recollection is consistent
10 with yours, that that comes from a police report. The only
11 thing that was part of the judicial finding as to the
12 circumstances was in the presentence report on paragraph 28.
13 There are portions of that with which we factually disagree.
14     THE COURT: There are portions of that which?
15     MR. WEIS: A portion of the police report with which we
16 disagree.
17     THE COURT: Well then, it seems to me the police
18 officer needs to be called in. And so, that, too, will be the
19 subject of a further hearing in the matter.
20     And so, I'll go to the next question, and that is, whether
21 or not it may be treated as evidence in the case the rendition
22 contained in Judge Davis' opinion of those events that led up to
23 the police coming in response to the defendant's attack on his
24 wife, which, in turn, led to the discovery of the firearms in
25 this case. I note that that statement by Judge Davis is in

1  keeping with that which is set forth in paragraph 7, 8, 9, 10,
2  and 11 of the presentence report.
3          MR. WEIS:  I haven't recently compared the two, but
4  that is my recollection, and I -- there is a factual finding
5  here that those are the facts.  We do not object to them.  So,
6  we certainly have no objection to the court's considering the
7  offense conduct as presented in paragraphs -- in the relevant
8  paragraphs of the presentence report.
9          THE COURT:  I see those to be paragraph 7, 8, 9, 10,
10 and 11.
11         MR. WEIS:  Correct, and we have no objection to those
12 facts.
13         THE COURT:  Is the government satisfied with that as
14 well?
15         MS. JOHNSTON:  Yes, Your Honor.
16         THE COURT:  Now then, the government objects to the
17 balance of the presentence report, does it?
18         MS. JOHNSTON:  Yes, Your Honor.
19         THE COURT:  And does the defendant have anything
20 further on that?
21         MR. WEIS:  Only that I still request that the whole
22 presentence report be made a record of the case, so that that
23 which is presented in the three paragraphs that we mentioned is
24 available, should there be a review and should the court deem it
25 not legally relevant.

1          THE COURT:  Thank you.
2     Do the parties have any further evidence to present at this
3  time?
4          MS. JOHNSTON:  The United States does not, Your Honor.
5          MR. WEIS:  Nor do I, Your Honor.
6          THE COURT:  It seems then that we have two matters that
7  are to be addressed.  One is the presentation of the facts that
8  related to the attack on Meghan, the daughter, that led to the
9  defendant's conviction, and the other is such studies as the
10 court's research will indicate would appropriately be included
11 in and with the studies that counsel have presented to the court
12 in the several exhibits that each of you has filed.
13    And I would ask if the parties have anything further at this
14 time.
15         MS. JOHNSTON:  The United States does not, Your Honor.
16         MR. WEIS:  I have nothing further on the evidence, Your
17 Honor.
18         THE COURT:  And do the parties have anything further on
19 any other subject having to do with remand, other than
20 resentencing, and, of course, the further matters I just
21 mentioned a moment ago?  Do you have anything further to present
22 to the court at this time?
23         MR. WEIS:  Your Honor, I was coming anticipating to
24 give legal argument, but in light of the future -- pardon me,
25 future factual development which the court is contemplating,

1  perhaps that is better postponed until after we have the factual
2  hearing.
3            THE COURT:  What is your thought on that, Ms. Johnston?
4            MS. JOHNSTON:  I agree with that, Your Honor.
5            THE COURT:  Let me mention one other thing to you as
6  well.  It seems to me that once the record is otherwise
7  complete, that if you have further argument to make, it is
8  probably best to do it in a written submission, and that's what
9  I'm going to ask you to do.  I have, I must tell you, great
10 confidence in the ability of both of you to write and write well
11 on the subject, and I think that is going to be superior to what
12 is sometimes the looseness of oral argument.  And so, my guess
13 is that I'm going to ask you to reduce it to writing and we
14 might have you to do it in sequence, in that one of you go
15 first, the other second, and the first then to reply.
16      Anything further?
17           MS. JOHNSTON:  No, Your Honor.
18           MR. WEIS:  Nothing further, excepting to ask if we have
19 any dates yet.
20           THE COURT:  Except what, sir?
21           MR. WEIS:  To ask if there are any dates yet.
22           THE COURT:  No, I don't know what that will be because
23 I don't know quite how long it's going to take the court to
24 complete its analysis, but it won't be long.  And I understand
25 one of the figures you have in mind has to do with your proposed

1   retirement, at least, and we --
2           MR. WEIS:  You are making me worry.
3           THE COURT:  -- may not let you do it, but this is not
4   going to go anything like that long.
5       So we'll be back in touch with you.  Thank you.
6           MS. JOHNSTON:  Thank you, Your Honor.
7           MR. WEIS:  Thank you.
8       (At 2:33 p.m. the hearing was concluded.)
9                             --oOo--
10                     REPORTER'S CERTIFICATE
11      I, Barbara Steinke, Registered Merit Reporter, do hereby
    certify that the foregoing proceedings were reduced to writing
12  by me at the time and place therein mentioned, and said
    proceedings are a true and accurate transcript from my notes.
13  Quoted material in this transcript is verbatim and may/may not
    reflect a direct quote.  I further certify that I am neither
14  related to any of the parties by blood or marriage, nor do I
    have any interest in the outcome of the above matter.
15
16  March 19, 2012                s/Barbara Steinke
17
18
19
20
21
22
23
24
25