```
 1                  IN THE UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF WEST VIRGINIA
 2                             AT CHARLESTON

 3   -------------------------------x
                                    :
 4   UNITED STATES OF AMERICA,      :
                                    :
 5        v.                        :    CRIMINAL NO. 2:08-00105
                                    :
 6   WILLIAM CHESTER, JR.,          :    FEBRUARY 10, 2012
                                    :
 7             Defendant.           :
     -------------------------------x
 8

 9                      TRANSCRIPT OF PROCEEDINGS
              BEFORE THE HONORABLE JOHN T. COPENHAVER, JR.
10                   UNITED STATES DISTRICT JUDGE

11   APPEARANCES:

12   FOR THE UNITED STATES:     AUSA LISA JOHNSTON
                                U.S. Attorney's Office
13                              P.O. Box 1713
                                Charleston, WV  25336
14

15   FOR THE DEFENDANT:         AFPD LEX A. COLEMAN
                                Federal Public Defender's Office
16                              300 Virginia Street East
                                Charleston, WV  25301
17
     PROBATION OFFICER:         RUTH LOFTIS
18                              U.S. Probation Office
                                300 Virginia Street East
19                              Charleston, WV  25301

20   COURT REPORTER:            BARBARA STEINKE, RMR
                                Post Office Box 75025
21                              Charleston, WV  25375
                                (304) 347-3151
22

23   These proceedings were reported with use of a stenographic
     machine and transcribed with use of computer-aided
24   transcription.

25
```

1     P R O C E E D I N G S     8:34 a.m.

2     THE CLERK: The case before the court is the *United

3 States of America versus William Samuel Chester, Jr.*, Criminal

4 Number 2:08-00105. Would counsel note their appearance for the

5 record, please.

6     MS. JOHNSTON: Lisa Johnston on behalf of the United

7 States.

8     MR. COLEMAN: Lex Coleman on behalf of William Chester,

9 Your Honor, who is seated in the courtroom to my right.

10    THE COURT: Thank you.

11    THE CLERK: Will the defendant please stand to be sworn

12 and raise your right hand.

13    (The defendant was sworn.)

14    THE COURT: First of all, the court expresses thanks to

15 Mr. Coleman who has been on some substantial stress this week,

16 as well as Mr. Chester who has been on particular stress of his

17 own, as the court understands it, for being present to conclude

18 this matter today.

19    The court first notes that in response to the Court of

20 Appeals order, the court has conducted, as the parties know, a

21 number of hearings in the matter and has considered the case law

22 development since the Court of Appeals opinion and has prepared

23 an opinion for entry today, a copy of which counsel have

24 received. It finds the section of the statute under which the

25 defendant is charged as being constitutionally applied as to him

1   and is consequently ready to proceed with this matter.
2         The court would ask first whether or not Mr. Chester is
3   prepared to proceed on his prior plea of guilty and the
4   conditional plea agreement earlier entered into by him.
5             MR. COLEMAN:  Yes, Your Honor.
6             THE COURT:  And I would ask further whether or not in
7   addition to the matters that the parties are aware are before
8   the court, starting with the presentence report, that is,
9   whether or not you have anything to add to that, any other
10  points to make before the court proceeds to sentencing.
11            MR. COLEMAN:  No, Your Honor.
12            MS. JOHNSTON:  No, Your Honor.
13            THE COURT:  That being the case, I would ask,
14  Mr. Coleman, do you see any reason why sentence should not now
15  be imposed in this matter?
16            MR. COLEMAN:  No, sir, I do not.
17            THE COURT:  And do you, Mr. Chester, see any reason why
18  sentence should not now be imposed in this case?
19            THE DEFENDANT:  No, sir.
20            THE COURT:  The court, first of all, notes the
21  guidelines as they earlier existed, but also notes that the
22  limitations that the court imposes for purposes of this hearing
23  is the sentence at a maximum that was imposed originally as to
24  the defendant.  I take it the parties have no objection to that.
25            MS. JOHNSTON:  No objection, Your Honor.

1  MR. COLEMAN: I'm sorry, Your Honor, I was trying to
2  understand your statement, maximum imposed?
3  THE COURT: I was saying that the court regards the
4  matter being presented to the court in such fashion that the
5  maximum sentence to be imposed is that which was imposed --
6  MR. COLEMAN: Yes, sir.
7  THE COURT: -- before.
8  MR. COLEMAN: Yes, sir, I agree with that.
9  THE COURT: And if the parties would come before the
10  court, please, to the bench.
11  Mr. Coleman, have you anything you wish to say in
12  Mr. Chester's behalf?
13  MR. COLEMAN: Yes, sir. Mr. Weis had previously filed
14  a motion about early termination of the supervised release, and
15  there was some points in that -- excuse me, I left those
16  notes -- that I thought were particularly significant.
17  On January 7 of 2009 when you previously sentenced
18  Mr. Chester, you allowed him a bond for his appeal; and yet, on
19  his own initiative, he approached the court and received a
20  self-report date to go ahead and serve the custodial part of the
21  sentence you had imposed. That started on April 24 of '09, and
22  finished in September 15 of the same year. He successfully
23  served the five months after that on home confinement,
24  effectively completing the ten-month split sentence you had
25  imposed.

1    We have a recent note Ms. DeVore prepared.  Other than that,
2    Mr. Chester on bond and after sentencing and throughout the
3    pendency of his appeal has conducted himself not just in minimum
4    conformity, but he has genuinely made effective changes in his
5    life.  You got to hear through the evidentiary hearings a lot of
6    the bad things in his past.  But as I see the purpose of
7    supervised release or at least as I understand it, the custodial
8    part of the sentence is a punishment.  Supervised release is
9    certainly, we saw that in *Gall* acknowledged as a relinquishment,
10   a continued relinquishment of a lot of important civil rights.
11   But as I understand the purpose of the change from parole to of
12   supervised release, it was not to continue just the punitive
13   aspect of the sentence, but to aid someone in transitioning and
14   demonstrating an effective -- that they got it mentally, that
15   they made efforts to change their life, and that they are moving
16   toward what we want them to be, someone we don't ever have to be
17   really concerned about coming back.
18       Mr. Chester has been candid with Ms. DeVore throughout his
19   supervision.  He was candid about earlier this month.  I look at
20   his age to explain some of the medical problems to you just in
21   trying to get this hearing scheduled and the rest were noted in
22   his PSR.  He has paid a high price for poor judgments in the
23   past already.  Both on the advice of counsel and given the
24   posture of the case, he has had limited contact with his family,
25   even since the remand.  He has got some grandchildren he laments

1  and regrets having little contact with because of the pendency
2  of this matter.  And I've explained to him that after this,
3  whether he is on paper or not, that hopefully can change and he
4  can finish enriching the rest of his life with those people who
5  have been outside of it because he has been under criminal
6  prosecution.
7      I ask that you impose a sentence of time served for what he
8  has done.  I would ask, when you impose supervised release, that
9  it conform up until now.  Again, we have the penal and deterrent
10 part of this, and it's weighed against how much is sufficient
11 but not greater than necessary, and I would submit to you upon
12 the parsimony provision that yes, a maximum, you can reimpose
13 what's already done, what you previously imposed because he has
14 already done it, but I would ask that the term of supervised
15 release be tailored to his position now and that it go ahead and
16 terminate.
17     We have seen probation in the past year change a lot of its
18 procedures dealing with necessarily apportioning the costs of
19 supervision for what is necessary and the desire to focus more
20 resources on those who need much more intensive supervision, and
21 then a tendency at least for considering and advocating early
22 termination for those who don't.  The modification statute on
23 supervised release does not take into consideration, as argued
24 in prior briefings by the government, the seriousness of the
25 offense or just punishment.  They instead focus on the other

1  factors under 3553(a), which I think would point to not a
2  neutral factor of how has he done on bond and then on supervised
3  release, but the very definite factor of how he has done.
4      If Mr. Chester was perfect, you never would have met him.
5  But the strides he has made for him and where he has come from,
6  we have seen the criminal justice system do what it's intended
7  to do. It has held him accountable for conduct, and at the same
8  time it has directed him to be somebody that we don't have to be
9  concerned about being in our community and society.
10     So with that, I would certainly ask that you impose less
11 supervised release. Certainly, there's no room for any further
12 imprisonment. His bond -- excuse me, his supervised release
13 behavior, coupled in with the factors Mr. Weis originally
14 argued, could support a variance for probation. You'd
15 originally denied that. You may still feel that way. But even
16 if you do, again, I see the only remaining variable in this is
17 really how much more supervision should be imposed in this and
18 how long should he be left to be completely free of any
19 restrictions on his civil rights.
20     So, again, I ask that you impose a shorter term up until
21 now.
22         THE COURT: Thank you.
23     Ms. Johnston?
24         MS. JOHNSTON: Your Honor, the United States agrees
25 with Mr. Coleman with regard to the sentence that would be

1  imposed. I anticipated that it would be for the time served.
2  However, as the court knows, when Mr. Weis filed a motion for
3  early termination of supervised release several months ago, the
4  United States opposed that, and I wrote not a lengthy memo, but
5  it was, you know, it was several pages long stating the reasons
6  why the supervised release should not be terminated early. Your
7  Honor, that was prior to him testing positive recently for
8  marijuana.
9      So, in light of his most recent test, the United States
10 clearly disagrees with Mr. Coleman in this case and believes
11 that he should remain on supervised release. It's my
12 understanding, after talking with Ms. Loftis this morning, I
13 think that he will actually be off of paper I think it's
14 September 14th of this year. So, in light of that, Your Honor,
15 the government clearly believes that this defendant should
16 remain on supervised release.
17         THE COURT: Thank you.
18     And in light of the government's comments, anything further,
19 Mr. Coleman?
20         MR. COLEMAN: Only that we've got one slip in multiple
21 years. And his original problem, his most crucial problem was
22 alcohol. And if you look at the PSR, his admitted polysubstance
23 abuse and alcohol abuse was daily for almost thirty years. For
24 him to have made the adjustment he made after his arrest in 2008
25 forward, I don't think six more months on paper, it's almost too

1  big a stick for a weak slip that he admitted, was accountable
2  for, and didn't try and mince words with and explain what
3  happened to Ms. DeVore.  So, I would hope there would be some
4  credit for that.
5          THE COURT:  Thank you.
6      And, Mr. Chester, have you anything further you wish to say
7  in your own behalf?
8          THE DEFENDANT:  Well, Your Honor, again, I would like
9  to apologize to the court, and I've taken up your time and
10 wasted the court -- you know, it's cost a lot of money and
11 things like that.  And I've been going through this since '07,
12 and whatever you do is fine with me.  I mean, I know I slipped,
13 but, you know, I have a lot of medical problems, and all through
14 it, no pain medication or nothing.  So I have back problems.  I
15 have had a heart attack.  I have cataracts and diabetes and a
16 little bit of everything, so.  But, you know, I've been standing
17 here, like it hurts to stand here now, but I'm here in front of
18 you, and if you can give me leniency, I would appreciate it, but
19 I know I messed up.  So whatever you do, I'll accept.
20         THE COURT:  Thank you, Mr. Chester.
21     Mr. Chester, the court has considered again the presentence
22 report in the case and is aware of those circumstances that have
23 been made available to the court during the course of our
24 hearings and the like regarding your conduct during the course
25 of this case.  In once again considering all those factors under

1  Section 3553(a), the court is satisfied that the appropriate
2  sentence in the case is the same as that which the court entered
3  heretofore.
4     And so, the court sentences you to the term of imprisonment
5  of five months which you have already served, sentences you to a
6  term of supervised release of three years, and as a component of
7  that, five months of home confinement. The home confinement
8  you've already served. The court notes with respect to the term
9  of supervised release, that you have served on supervised
10 release from September 15th, 2009, until March 8, 2011,
11 supervised release to that point until the mandate was issued by
12 the Court of Appeals which vacated and remanded the case for the
13 court's further consideration, as you know. And so, you had
14 served nearly a year and a half on supervised release by that
15 time. And the reality is, according to the probation officer,
16 Ms. Devore, you have been treated as though you have been on
17 supervised release ever since. And that means that for the past
18 eleven months since the Fourth Circuit mandate, you continued to
19 be treated as though you were on supervised release. And so,
20 the court understands that and expects to give you credit for
21 that period of time.
22    The court has left then and you have left a limited amount
23 of time on supervised release yet to serve. It will be subject
24 to the same terms and conditions that are standard by standing
25 order in this district. And the court recognizes, as well, that

1  there has been filed a motion for early termination, the
2  government has responded to that, and the court will take that
3  into account on another occasion.
4      But at this time the court sentences you, in effect, to the
5  same sentence that you received heretofore.  And I would note,
6  of course, that there is no fine and the special assessment has
7  already been paid.
8      And so, with that, I would ask the parties whether or not
9  you have anything further.
10            THE DEFENDANT:  Do I have anything further?
11            THE COURT:  Yes.  First, Mr. Coleman.
12            MR. COLEMAN:  No, sir.
13            THE DEFENDANT:  Sorry.
14            THE COURT:  And Ms. Johnston?
15            MS. JOHNSTON:  No, Your Honor.
16            THE COURT:  And do you have anything further either,
17  Mr. Chester?
18            THE DEFENDANT:  No, sir.  I'm sorry.
19            THE COURT:  I didn't know if you had anything further
20  possibly to say.
21            THE DEFENDANT:  I'm not used to court proceedings.
22            THE COURT:  Very good.
23      The court informs you that you have fourteen days from this
24  date within which to appeal your resentencing; and if, as the
25  court understands may be the case, you are without funds with

1   which to prosecute that appeal, then should you request and
2   qualify, the court would appoint counsel for you at the expense
3   of the United States, and the costs of that appeal would
4   otherwise be at the expense of the United States as well.
5      With that, the court will note to the parties that it
6   expects to shortly consider again and anew the motion for early
7   termination that was filed last August, and will inform the
8   parties of its action. I would simply ask whether or not on the
9   matter of early termination, the parties have anything further.
10       MR. COLEMAN: Only to point out my perception of the
11   government's brief where the argument essentially that his
12   performance on supervised release is a neutral factor or
13   something that doesn't weigh, and that the interests of justice
14   in the 3583(e) somehow equates to consideration of everything
15   under 3553(a)(2)(A), and I would simply remind the court that
16   those considerations are expressly excluded from 3583(e). And
17   with the exclusion of that and not allowing those considerations
18   to be back-doored under some vague interests of justice general
19   language, that the original points made by Mr. Weis I think are
20   still applicable, and taking the parsimony provision that I hope
21   you will entertain and grant the motion.
22       THE COURT: Thank you.
23    Ms. Johnston?
24       MS. JOHNSTON: Your Honor, we will rely on the
25   memorandum that we filed, and hopefully, and I know the court

Case 2:08-cr-00105 Document 117 Filed 03/19/12 Page 13 of 14 PageID #: 1332

United States v. William Chester, Jr. 121

1  will take into consideration the memorandum opinion that was
2  entered in this court regarding defendants like Mr. Chester who
3  have a background of committing domestic violence and
4  considering whether or not he should be released early with
5  regard to supervised release.
6           THE COURT:  Thank you.
7      Anything further, Mr. Coleman?
8           MR. COLEMAN:  And I'm saying this in lieu of the
9  subsequent submission to the court because I know Your Honor is
10 well-aware of the issues presented by the motion.  The
11 government's argument, at least as I've read it, if the basis
12 for denying early termination is because you are a domestic
13 violence misdemeanant, then we never get early termination in a
14 922(g)(9) case, not because of how they performed on supervised
15 release and whether their conduct furthers the purpose of
16 supervised release, but simply because of their status, they are
17 never entitled to that remedy.  I don't think that's what
18 Congress intended with the scheme in terms of the graduated
19 punishments and I don't think it's consistent with the express
20 language of the statute.
21          THE COURT:  Thank you.
22     The court takes all that under advisement, and I will simply
23 note to you, Mr. Chester, regardless of what the court does on
24 early termination, you are getting pretty close to the end of
25 this, and I know that it's been a long road and I believe that

1  it turns out that it was prudent of you to do as you did and go
2  ahead and try to get as much of this behind you as you possibly
3  could, and you are very near the end of being tied up in this
4  court at all.  And with that, the court wishes you good luck.
5           THE DEFENDANT:  Thank you.
6           MS. JOHNSTON:  Thank you.
7           MR. COLEMAN:  Thank you.
8       (At 8:56 a.m. the hearing was concluded.)
9                         --oOo--
10                   REPORTER'S CERTIFICATE
11      I, Barbara Steinke, Registered Merit Reporter, do hereby
certify that the foregoing proceedings were reduced to writing
12  by me at the time and place therein mentioned, and said
proceedings are a true and accurate transcript from my notes.
13  Quoted material in this transcript is verbatim and may/may not
reflect a direct quote.  I further certify that I am neither
14  related to any of the parties by blood or marriage, nor do I
have any interest in the outcome of the above matter.
15
16  March 19, 2012                s/Barbara Steinke
17
18
19
20
21
22
23
24
25